## MARGARET E. GULLIVER
### v.
### LYMAN BAIRD ET AL.

1. RES ADJUDICATA.—The identical questions in this case having been presented to the Supreme Court in the cases of Gulliver v. Roelle and Weidnger v. Spruance, nothing remains for this court but to apply the rules of law thus established by the Supreme Court.

2. PRESUMPTION THAT SUPREME COURT CONSIDERED EVERY QUESTION NECESSARY TO RECOVERY.—Although the provisions of section twenty-four of the insurance-law, regarding the recovery of penalties in the name of the People, are not alluded to in the opinions of the Supreme Court, yet that court having directly affirmed the right of a creditor to recover, this court will presume that every question necessarily involved affecting that conclusion was fully considered and determined.

3. PENALTY—RIGHT OF CREDITOR TO SUE IN HIS OWN NAME.—The provisions of the statute relating to insurance imposing certain penalties, and providing that such penalties shall be sued for in the name of the People, have reference only to the recovery of certain specified penalties, and although the action by a creditor against a stockholder of such company to enforce a statutory liability is penal in its character, yet the action may be brought in the name of such creditor. The provisions of section 24 do not apply in such cases.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed November 7, 1881.

Margaret E. Gulliver, a creditor of the Mutual Security Insurance Company, brought suit against Lyman Baird and Francis Bradley, stockholders in said company, to enforce the personal liability imposed by the sixteenth section of the statute in relation to fire insurance companies. The declaration alleges that said company is a corporation created and organized under a special act of the General Assembly, approved February 10, 1853; and that on the 7th day of March, 1867, an amendatory act was passed which contained a provision subjecting said company to the operation of all such general laws as might thereafter be enacted in relation to insurance companies. It further alleges an indebtedness from said company to the plaintiff, in the sum of $5,000, growing out of a loss under a policy of insurance against fire, issued by it to her; the insolvency of the company and the exhaustion of its assets leaving said indebtedness unpaid. Also, that the capital stock of said company was $300,000; that the whole amount of said capital had never been paid in, and that no certificate of such payment had been recorded, as required by statute; that the defendants, at the time the plaintiff's claim accrued, were corporators and stockholders in said company, and had subscribed for and owned eighty shares of $50 each in said capital stock, amounting to the sum of $4,000; and that by virtue of the premises, they were individually liable to the plaintiff to that amount.

The defendants appeared and filed several special pleas, alleging, in brief, that the amendatory act of March 7, 1867, was never accepted, but was rejected by said company; that the defendants did not accept or agree to said amendatory act, nor the general insurance act of March 11, 1869; that said company was not organized under said general act, but under said special act of February 10, 1853; and also, that the causes of action set forth in the declaration did not accrue within two years prior to the commencement of the suit. To these pleas the plaintiff filed a general demurrer, which was overruled by the court, and thereupon judgment was rendered in favor of the defendants for costs. To reverse said judgment, the plaintiff brings the record to this court by writ of error.

Messrs. SHUFELDT & WESTOVER, for plaintiff in error; cited
Shufeldt v. Carver, 8 Bradwell, 545.

Messrs. BOUTELL & WATERMAN, for defendants in error; that
this action is but the imposition of a penalty; cited First Nat.
Bank v. Price, 33 Md. 487; Cameron v. Seaman, 69 N. Y.
396; Derrickson v. Smith, 27 N. J. L. 166.

The action being in debt for a statutory penalty, the declara-
tion was defective, because it nowhere charges that defendants
either did or suffered to be done any of the acts on·account of
which the penalty is claimed:   Cushing v. Dill, 2 Scam. 460;
Batchelder v. Kelly, 10 N. H. 436;  Whitecroft v. Vanderver,
12 Ill. 238.

Penal statutes are always strictly construed:  Chicago v.
Rumpff, 45 Ill. 90; Bullock v. Geomble, 45 Ill. 218; Leonard
v. Bosworth, 4 Conn. 421;  Jones v. Eustis, 2 Johns. 379;
Wright v. Bennett, 3 Scam. 258;  Edwards v. Hill, 11 Ill. 22.

The declaration should have been concluded by charging
that an action had accrued to the plaintiff by virtue of the
statute.   1 Chitty's Pl. 451;  G. & C. U. R. R. Co. v. Appleby,
28 Ill. 283.

BAILEY, J.   The record in this case presents the same iden-
tical questions which were before the Supreme Court in Gulli-
ver v. Roelle, 100 Ill.; and Weidinger v. Spruance, Id.   Gulli-
ver v. Roelle was a suit by a creditor against a stockholder
of the Germania Insurance Company of Chicago; and Weid-
inger v. Spruance, a suit by a creditor against a stockholder
of the Commercial Insurance Company; and in both cases
the declaration was precisely like the one in the present case.
In the first case, judgment was rendered in favor of the de-
fendant on demurrer to the declaration; and in the second,
the defendant filed the same identical pleas which are inter-
posed here, and a demurrer to the pleas being overruled, judg-
ment was rendered thereon for the defendant.   Both of said
judgments having been reversed, it follows, necessarily, that
every question now before us was decided, and nothing re-
mains for us but to apply the rules of law thus established.

The point, however, is raised by counsel and urged with considerable apparent confidence, that the Supreme Court, in the cases above cited, failed to notice the provisions of the twenty-fourth section of the statute in relation to fire insurance companies; and that, had those provisions been considered, a different result would have logically followed. That section is as follows: "Every penalty provided for by this act shall be sued for and recovered in the name of the people, by the States attorney of the county in which the company or the agent or agents so violating shall be situated, and one-half of said penalty, when recovered, shall be paid into the treasury of said county, and the other half to the informer of such violation," etc. The Supreme Court having reached the conclusion that the individual liability created by the sixteenth section of said act was imposed by way of a penalty, for the breach of certain requirements of the statute, it is argued that section twenty-four applies to the enforcement of this liability, and that it can be recovered only in the name of the people, and in the manner prescribed by that section.

It is true, the provisions of section twenty-four are not alluded to by the court in either opinion, and do not seem to have been discussed by counsel in their arguments, but we are not at liberty to infer from these circumstances that they were not duly considered. The question as to whether suit was properly brought in the name of the creditor, was directly and necessarily presented by the records in those cases, and the Supreme Court having, after the most careful consideration, both on the original hearing and on petition for a re-hearing, directly affirmed the right of the creditor to recover, we must presume that every question necessarily involved in that conclusion was fully considered and determined. If any proposition escaped the attention of the Supreme Court, it should be for that court, and not for this, to announce that fact.

But even if the question was an open one, we are of the opinion that the twenty-fourth section would not bear the construction now sought to be put upon it. On examination of the statute, it will be seen that various penalties for the violation of sundry of its provisions are imposed in terms, and are

denominated penalties. Thus, section twenty-one imposes upon insurance companies organized in this State, a penalty of $500 for failing to make and deposit with the auditor of public accounts an annual statement of their condition, and an additional $500 for each month they thereafter continue to do any business of insurance. In like manner, section twenty-two imposes a similar penalty upon foreign insurance companies for a like offense. It certainly does no violence to the language of section twenty-four, to hold that it relates merely to the recovery of those penalties which the statute imposes in terms and by that name, and that it has no application to the enforcement of liabilities, like those imposed by the sixteenth section, which, though not penalties in name, are yet penal in their nature. .

But the construction contended for by counsel would do violence to both the letter and spirit of the sixteenth section. The liability imposed by that section is a liability " for the debts and responsibilities " of the insurance company. A liability for the debts of a corporation is, *ex vi termini*, a liability to the creditors of the corporation. It is a liability to pay and satisfy the debts themselves. Manifestly no such payment or satisfaction could result from suits in the name of the people, for sums of money which when collected must be divided equally between the informer and the county treasury. After such appropriation of the money, the debts would still remain unpaid. The evident intention of the sixteenth section is, to insure the prompt payment in full of the stock subscriptions, so as to create a fund to which creditors may resort for the collection of their demands, and also to furnish to the creditor, in the meantime, an equivalent security. This latter purpose would be wholly defeated by the adoption of the construction contended for.

In conformity with the decisions of the Supreme Court in the cases above cited, the judgment will be reversed and the cause remanded.

Judgment reversed.